Huang v. Holder

BIA
Vomacka, IJ
A095 833 981

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> *Circuit Judges.*

_____

MEIZI HUANG,
> *Petitioner,*

v.                                    12-194
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jie Han, New York, New Yor

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Richard M. Evans,
                       Assistant Director, Christina B.
                       Parascandola, Trial Attorney, Shuchi

**Parikh, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Meizi Huang, a native and citizen of the People's Republic of China, seeks review of a December 14, 2011, order of the BIA, affirming the September 18, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meizi Huang*, No. A095 833 981 (B.I.A. Dec. 14, 2011), *aff'g* No. A095 833 981 (Immig. Ct. N.Y. City Sept. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, because Huang did not challenge the IJ's pretermission of her asylum application before either the BIA or this Court, she has abandoned that claim. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir. 2007) (per curiam) (deeming arguments not raised before the BIA and this Court abandoned).

When, as here, the BIA affirms the IJ's decision in some respects, but not others, we review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In pre-REAL ID Act cases, such as this one, inconsistencies that form the basis of an adverse credibility determination must "bear a legitimate nexus" to the applicant's claim of persecution and be "substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003); *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006). An IJ, however, may rely on the cumulative effect of even minor inconsistencies. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006) (per curiam).

Substantial evidence supports the agency's conclusion that Huang did not testify credibly regarding her claim that Chinese family planning officials forcibly aborted two of

3

her pregnancies. In finding Huang not credible, the agency reasonably relied on Huang's failure to provide a consistent account of when her two abortion certificates had been issued, and her inability to confidently recall whether she had been anesthetized during her first alleged abortion procedure. This information related to the heart of Huang's claim. *See Secaida-Rosales*, 331 F.3d at 307-08; *Pavlova*, 441 F.3d at 90.

In addition, the consular investigation report that the government submitted called into question the authenticity of Huang's abortion certificates, and thus further undermined the credibility of Huang's claim that she had undergone two forced abortions. Indeed, as the agency found, while Haung's abortion certificates indicated that they had been issued in 2004 and that Huang's abortion procedures had been performed in 1986 and 1989, the consular investigation report indicated that the hospital listed on the abortion certificates was "not allowed to issue a certificate for an operation conducted years ago," and that the doctor who allegedly signed the certificates stated that she "she had never issued any [such] certificate[s]." Furthermore, Huang's challenge to the reliability of the

consular investigation report is unavailing, as that report bears sufficient indicia of reliability to support the agency's adverse credibility determination, such as the identity and qualifications of the investigator, the objective and extent of the investigation, and the methods the investigator used to verify the authenticity of Huang's abortion certificates. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 271 (2d Cir.#2006).

Finally, contrary to Huang's argument, the record does not compel the conclusion that the manner in which the investigator conducted her inquiry disclosed to Chinese authorities Huang's identity or the nature of the investigation. *See* 8 C.F.R. § 208.6; *see also Zhen Nan Lin*, 459 F.3d at 262. Indeed, the record indicates that the investigator was aware of the confidentiality provisions under 8 C.F.R. § 208.6, and, as the IJ noted, that the government took steps to safeguard Huang's identity by redacting her name from the documents that were transmitted to its investigative office in China. *See* 8 C.F.R. § 208.6; *Zhen Nan Lin*, 459 F.3d at 263.

Thus, the agency's denial of Huang's application for withholding of removal and CAT relief based on her claim that she suffered past harm and feared future harm on

account of her alleged violation of China's family planning policy was not in error, as both claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk